IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| VINCENT JACKSON, JR. | § | |
| VS. | § | CIVIL ACTION NO.   5:22-CV-28 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Vincent Jackson, Jr., a prisoner confined at the Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

The petitioner contends that he has been subjected to unconstitutional conditions of confinement since his incarceration. The petitioner contends that he has been denied access to courts because the prison facilities have inadequate legal materials and there is insufficient assistance for inmate who need help with legal work. The petitioner complains that prison officials are taking inadequate precautions to prevent inmates from contracting COVID-19. The petitioner also raises complaints regarding the classification of inmates and the availability of the inmate grievance procedure.

Analysis

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). A civil rights action is an appropriate vehicle for recovering damages resulting from illegal administrative procedures or the conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). The United States Court of Appeals for the Fifth Circuit has adopted a bright-line rule to determine whether a case is properly brought as a civil rights action or a habeas petition. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). If a favorable determination would not automatically entitle the prisoner to an earlier release, the case should be brought as a civil rights action. *Id* at 820-21.

In this case, the petitioner challenges the conditions of confinement, not the fact or duration of his confinement. A favorable ruling on the claims would not result in the petitioner's earlier release from prison. Thus, under the bright-line rule, the claims are not cognizable in a federal habeas petition. If the petitioner wishes to pursue his claims, he may do so by filing a civil rights action and paying the $402.00 filing fee or requesting leave to proceed *in forma pauperis*.

Recommendation

This petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, should be dismissed without prejudice.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 12th day of April, 2022.**

*[signature]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE